# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LAKESIDE FBCC, LP, | § § § | |
| *Plaintiff*, | § § | |
| *vs.* | § § | Civil Action No. SA-17-CV-00491-XR |
| EVEREST INDEMNITY INSURANCE COMPANY ET AL., | § § § § | |
| *Defendants.* | § § | |

## ORDER

On this date, the Court considered Plaintiff's Motion to Remand (Docket no. 9). After careful consideration, the Court DENIES the motion and DISMISSES Defendant Thomas Koralewski as improperly joined.

## BACKGROUND

Plaintiff Lakeside FBCC LP purchased the Algarita Lakeside Apartments located at 8555 Laurens Lane, San Antonio, Texas 78218 in November 2015. Docket no. 5-1 at 6. Lakeside insured property losses at the Apartments by purchasing policies from Defendant Everest Indemnity Insurance Company; the first policy covered a period of November 2015 to November 2016 and the second covered November 2016 to November 2017. *Id.* at 7, 11. An April 2016 wind and hail storm and a February 2017 tornado damaged the Apartments. *Id.* at 7, 11.

Plaintiff reported its losses for both storms to Everest, and Everest hired an insurance adjusting firm, Defendant Engle Martin & Associates, Inc., to adjust the claims. *Id.* Defendant Engle Martin assigned Defendant Christopher McCoy to adjust the hailstorm claim and Defendant Thomas Koralewski to adjust the tornado claim. *Id.* Plaintiff retained Tice

1

Enterprises, Ltd. and its estimator, Patrick Burke, to assist in evaluating the damages to the property caused by the 2017 tornado. Docket no. 5-1 at 12.

On March 27, 2017, Lakeside provided invoices for the emergency repairs performed at the Apartments after the tornado and requested an update on the status of the claim by email. *Id.* On March 31, 2017, Defendant Koralewski responded in an email that during a March 1 inspection of the property, Tice advised him that it would provide information, estimates, and an engineer's report for damage caused by the tornado. *Id.*

Plaintiff then brought this action in the 150th Judicial District Court of Bexar County, Texas on April 27, 2017, naming as defendants Everest, Engle Martin, McCoy, and Koralewski. *Id.* at 5. Plaintiff asserts a number of state law causes of action related to Everest's insurance policy and their coverage of the Apartments. Docket no. 5-1 at 11–20. In addition to its general allegations, Lakeside alleges that Koralewski and the other defendants violated certain provisions of the Texas Insurance Code and the Texas Deceptive Trade Practices Act. *Id.*

On June 2, 2017, Defendants Everest and Engle Martin removed the action to this Court on the basis of diversity jurisdiction. Docket no. 1. On June 19, the Defendants filed an amended notice of removal, clarifying their jurisdictional allegations. Docket no. 5. The amended notice of removal states that Plaintiff is a citizen of Texas, and on information and belief, perhaps Colorado as well. *Id*. at 11. The notice of removal also alleges that Everest is a citizen of Delaware and New Jersey, Engle Martin is a citizen of Georgia, McCoy is a citizen of Georgia, and Koralewski is a Texas citizen whose citizenship can be disregarded for purposes of diversity jurisdiction because he has been improperly joined. *Id*. at 8, 11–12. The notice of removal adds that the amount in controversy exceeds $75,000. *Id*. at 12.

On June 30, 2017, Plaintiff moved to remand the case to state court due to a lack of diversity jurisdiction. Docket no. 9. Plaintiff asserts that it is a citizen of Texas and that Koralewski is a properly joined citizen of Texas.

**DISCUSSION**

If Koralewski is properly joined, then his citizenship must be considered and there is no diversity jurisdiction. Defendants argue that Plaintiff's original complaint fails to meet proper pleading standards with respect to Koralewski. Docket no. 5 at 8. As a result, they argue that Koralewski was improperly joined, which means that diversity jurisdiction exists. This Court agrees with the Defendants and finds that Koralewski's was improperly joined.

**I.     Legal Standard**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). On motion to remand, the court must consider whether removal was proper. In order for removal to be proper, a district court must have original jurisdiction over the removed action. *See id.*

Federal district courts have original jurisdiction over civil actions if the parties are diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). There is no dispute regarding the amount in controversy here, which is alleged to be in excess of $75,000. Docket no. 5. Further, there are no disputes regarding the states of citizenship of any of the parties.

There are two ways to establish improper joinder: "(1) the plaintiff *has* stated a claim against a diverse defendant that he fraudulently alleges is non[-]diverse, or (2) the plaintiff *has not* stated a claim against a defendant that he properly alleges is non[-]diverse." *Int'l Energy*

3

*Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016) (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)) (emphasis in original). Because Plaintiff and Koralewski are in fact non-diverse, the second type of improper joinder is at issue, and the court must determine whether Plaintiff has stated a cause of action against him. *See id.*

The burden of demonstrating improper joinder is a heavy one and is placed on the party seeking removal. *See McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005). In order to meet this burden, the removing party must show that there is no reasonable basis to predict that the plaintiff might be able to recover against a non-diverse defendant. *See Int'l Energy*, 818 F.3d at 199; *see also Smallwood*, 385 F.3d at 573 ("[T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant.").

The Fifth Circuit requires that "decisions about removal . . . be made on the basis of federal law, not state law"; therefore, courts use a Rule 12(b)(6)-type analysis when determining whether a plaintiff may reasonably recover. *Int'l Energy*, 818 F.3d at 202; *see Smallwood*, 385 F.3d at 573 ("If a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."). Further, the court must resolve "all . . . factual allegations," "all contested issues of substantive fact," and "all ambiguities in the controlling state law" in the plaintiff's favor. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)) (internal quotation marks omitted). In other words, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

Plaintiff brings claims against Koralewski for violations of the Texas DTPA, unfair insurance practices in violation of Chapter 541 of the Texas Insurance Code, and violations of Chapter 542 of the Texas Insurance Code. The Court will first provide additional context by analyzing the factual allegations contained throughout Plaintiff's complaint before explaining why there is no reasonable basis to predict that Plaintiff might recover from Koralewski on any of its three causes of action against him.

## II. Plaintiff's general allegations do not support a cause of action because they are not specific.

### A. Plaintiff alleges that Koralewski and Engle Martin are biased towards insurance companies.

Plaintiff alleges that "Everest hires Engle Martin and Koralewski because they are biased for the insurance companies and will give the insurer favorable, result-oriented investigations, estimates, and reports based on which the insurer can deny and/or low-ball an insured's claim." Docket no. 5-1 at 11. Plaintiff makes the exact same allegations against Everest, Engle Martin, and insurance adjuster Christopher McCoy. *Id.* at 7.

In the improper joinder context, "[m]erely lumping diverse and non-diverse defendants together in undifferentiated liability averments of a petition does not satisfy the requirement to state *specific actionable conduct* against the non-diverse defendant." *Stephenson v. Standard Ins. Co.,* Cv. No. SA:12-CV-01081-DAE, 2013 WL 3146977, at *13 (W.D. Tex. June 18, 2013) (quoting *King v. Provident Life and Accident Ins. Co.*, No. 1:09-CV-989, 2010 WL 2730890, at *3 (E.D. Tex. June 4, 2010) (emphasis in original)). Plaintiff argues that it has "lumped" these defendants together throughout its complaint because Engle Martin and Everest are also responsible (under a theory of vicarious liability or respondeat superior) for many of the offenses committed by Koralewski. Docket no. 16 at 4. Regardless of Plaintiff's reasons for structuring its

complaint in this way, this first allegation against Koralewski is legally deficient for other reasons.

In *Walters v. Metro. Lloyds Ins. Co. of Tex.*, No. 4:16-CV-307, 2016 WL 3764855, at *3 (E.D. Tex. July 14, 2016), the plaintiffs alleged that an insurance adjuster was "inadequately trained and failed to thoroughly investigate, conducted an outcome-oriented investigation, made misrepresentations and omissions and unfairly investigated the claim." The plaintiffs also alleged that the adjuster defendant was "'improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiffs' damages,' and utilized 'unfair settlement practices.'" *Id.* Plaintiff alleged no additional facts or specifics to support these allegations against the adjuster. *See id.* The court determined that the plaintiffs had no possibility of establishing a valid cause of action against the adjuster. *Id.* (citing *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 723 (N.D. Tex. 2014)).

In this first allegation, Plaintiff makes the conclusory and boilerplate statement that Koralewski shows bias by providing favorable, result-oriented investigations, estimates, and reports to the insurance. Docket no. 5-1 at 11. However, Plaintiff provides no specific details or factual information to support this allegation. *See id.* Plaintiff's first allegation here is very similar to the allegation made against the insurance adjuster in *Walters*, at least with respect to the lack of specific details about actionable behavior on the part of Koralewski. As was the case in *Walters*, Plaintiff here has not pled sufficient facts in its first allegation against Koralewski. *See* 2016 WL 3764855, at *3; *see also Elizondo v. Metro. Lloyds Ins. Co. of Tex.*, No. 4:16-CV-306, 2016 WL 4182729, at *3 (E.D. Tex. Aug. 8, 2016).

### B. Plaintiff alleges that Koralewski has not assisted in addressing the damage to the Apartments.

Plaintiff next alleges that:

> [t]o date, Everest, Engle Martin, and Koralewski have done nothing to assist [Plaintiff] in addressing the extensive damage to the Algarita property from the tornado even though the claim was reported more than 60 days ago. As an experienced adjuster, Mr. Koralewski knew or should have been able to recognize the extensive damage to the Algarita property and should have taken aggressive action to ensure the damages were addressed in a timely manner as required under [Plaintiff's] insurance policy and Texas law.

Docket no. 5-1 at 13.

Again, the allegations made by Plaintiff here are unsupported and conclusory. Plaintiff claims that Koralewski has done nothing to assist in addressing the extensive damage to the property. *Id.* But as Defendants point out, Plaintiff does not identify specific actions that Koralewski has failed to perform. Further, Plaintiff's own complaint casts doubt on this allegation. Plaintiff alleges that Koralewski did in fact inspect the property on March 1, 2017. *Id.* at 11. Koralewski then followed this inspection with an email request to Tice for more information. *Id.* at 12. These actions, alleged by Plaintiff, run counter to the broader allegation that Koralewski has done "nothing to assist" Plaintiff. Consequently, this allegation too is deficient.

### C. Plaintiff alleges that Koralewski misrepresented Lakeside's duties under the 2017 Policy.

Plaintiff then alleges that "instead of properly investigating and adjusting the claim as the policy requires, Koralewski failed to adjust the claim, halted his investigation and requested that [Plaintiff] provide him with the 'necessary documentation to substantiate [its] claim for damages.'" Docket no. 5-1 at 12. Plaintiff alleges that Koralewski "misrepresented both Everest and [Plaintiff's] duties under the 2017 policy by intimating that [Plaintiff] had a duty to investigate and prove its claim under the 2017 policy" when "[u]nder the terms, of the 2017 policy, Everest has the duty to properly investigate and adjust [Plaintiff's] insurance claim." *Id.*

7

at 13. Plaintiff claims that Koralewski made this misrepresentation in a March 31, 2017 email, although Plaintiff did not attach that email to its complaint. *Id.* at 12-13.

This misrepresentation claim is more specific than Plaintiff's other pleadings and allegations. However, the actual content of the email (which was attached by Defendants in response to Plaintiff's motion to remand) disproves Plaintiff's misrepresentation allegations. *See* Docket no. 15 at 8–10. Where a plaintiff states a claim but misstates or omits discrete facts that would determine the propriety of joinder, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Smallwood*, 385 F.3d at 573.

Exercising discretion to conduct such an analysis, the Court turns to the March 31 email, sent from Koralewski to Plaintiff's representative, Cary Krier:

> During our inspection Ms. Coleman of Tice Enterprises advised that they would provide our office with estimates for the repairs to the roofs and interior areas of the water damaged unit(s). Additionally, she was to forward photographs of items which could not be inspected during our initial site visit. She was also to provide a copy of your engineers evaluation of any potential storm related damage related to this event. It is imperative that we separate any visible damage that occurred related to this event from the pre-existing damages that occurred approximately one year prior.
>
> With the exception of the invoice you provided we have receive [sic] no additional documentation from Ms. Coleman. Could you please request that they provide our office with the necessary documentation to substantiate your claim for damages. We appreciate your assistance with regard to this matter.

Docket no. 15-2.

In the context of insurance and Texas Insurance Code Section 541.060, a misrepresentation must be both specific and affirmative to be actionable. *See Metro Hosp. Partners, Ltd. v. Lexington Ins. Co.*, 84 F. Supp. 3d 553, 573 (S.D. Tex. 2015). Moreover, "[t]he misrepresentation must be about the details of a policy, not the facts giving rise to a claim for coverage." *McClelland v. Chubb Lloyd's Ins. Co. of Tex.*, No. 5:16-CV-00108, 2016 WL

5791206, at *4 (W.D. Tex. Sept. 30, 2016) (quoting *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014)).

Plaintiff's complaint does not allege an actual or specific policy provision that is misrepresented by Koralewski. The email itself shows that Koralewski made no specific statements regarding the details or terms of the policy itself; nor did Koralewski make representations regarding Plaintiff's coverage under the policy. *See* Docket no. 15-2. Koralewski merely asked for previously requested documentation Tice previously promised. *Id.* Koralewski made this request so that he could conduct a proper inquiry into the damages caused by the 2017 tornado. *See id.* In asking for the documentation, Koralewski made no misrepresentations about Plaintiff's duties under the policy.

In fact, Plaintiff itself seems to misrepresent—or at least misinterpret—the policy. More specifically, the terms of the policy require the insured to cooperate with the insurer in the investigation of the claim. Docket no. 15-3 at 57. The policy also requires the insured to give a description of "how, when, and where the loss occurred," and to submit a sworn proof of loss containing information requested by the insurance company. *Id.* As such, Koralewski's request for documentation would not have been a misrepresentation of duties even if Tice had not already promised to provide the documentation. *See id.* Ultimately, the 2017 policy gave both parties certain investigatory duties, including Plaintiff's duty to submit the requested information to Koralewski and Everest. *See id.*

Plaintiff also fails to allege how it relied upon or was damaged by Koralewski's alleged misrepresentation. *See Partain v. Mid-Continent Specialty Ins. Servs., Inc.*, 838 F. Supp. 2d 547, 561 (S.D. Tex. 2012), *aff'd sub nom. Graper v. Mid-Continent Cas. Co.*, 756 F.3d 388 (5th Cir.

9

2014) (granting 12(b)(6) motion to dismiss when the plaintiff failed to plead reliance and causation on allegedly false statements).

For these reasons, the March 30, 2017 email from Koralewski to Krier is not an actionable misrepresentation. As a result, Plaintiff would not be able to recover against Koralewski for the email.

**III. There is no reasonable basis to predict that Plaintiff would recover from Koralewski on any of its three claims against him.**

**A. Plaintiff's DTPA claims fail.**

Plaintiff alleges several causes of action against Koralewski and the other defendants under the Texas DTPA. Docket no. 5-1 at 16-17. These allegations state that:

A. By their acts, omissions, failures, and conduct that are described in this petition, Defendants EVEREST, ENGLE MARTIN, and THOMAS A. KORALEWSKI have violated Sections 17.46(b)(5), (7), (12), and (20) of the DTPA. In this respect, Defendants' violations include, without limitation, (1) their unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim, (2) their failure to properly investigate Plaintiff's claim, (3) Everest's use of a biased adjuster to obtain result-oriented conclusions to assist the insurer in denying Plaintiff's insurance claim, and (4) their failure to pay for the proper repair of Plaintiff's property on which Defendants' liability had become reasonably clear;

B. As described in this petition, Defendants EVEREST, ENGLE MARTIN, and THOMAS A. KORALEWSKI represented to Plaintiff that the subject insurance policy and Defendants' adjusting and investigative services had characteristics or benefits that it did not have, which gives Plaintiff the right to recover under Section 17.46(b)(5) of the DTPA;

C. As described in this petition, Defendants EVEREST, ENGLE MARTIN, and THOMAS A. KORALEWSKI represented to Plaintiff that the subject insurance policy and Defendants' adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46(b)(7) of the DTPA;

D. As described in this petition, Defendants EVEREST, ENGLE MARTIN, and THOMAS A. KORALEWSKI represented to Plaintiff that the subject insurance

policy and Defendants' adjusting and investigative services conferred or involved rights, remedies, or obligations that they did not have, including but not limited to Koralewski's March 30, 2017 misrepresentation of [Plaintiff's] duties under the policy, which gives Plaintiff the right to recover under Section 17.46 (b)(12) if the DTPA;

E. By representing that Defendants would pay to repair the damages caused by tornado and then not doing so, Defendants have violated Sections 17.46(b)(5), (7), and (12) of the DTPA;

F. Defendants have breached an express warranty that the damage caused by wind and hail storm would be covered under the subject insurance policy. This breach entitles Plaintiff to recover under Sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA;

G. Defendants' actions, as described in this petition, are unconscionable in that they took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendants' unconscionable conduct gives Plaintiff the right to relief.

H. Defendants' conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50(a)(4) of the DTPA.

*Id.*

DTPA claims are subject to the requirements of Federal Rule of Civil Procedure 9(b). *See Sparling v. Doyle*, No. EP-13-CV-00323-DCG, 2014 WL 2448926, at *12 (W.D. Tex. May 30, 2014) (citing *Berry v. Indianapolis Life Ins. Co.,* 608 F. Supp. 2d 785, 800 (N.D. Tex. 2009)). Under Rule 9(b), the Fifth Circuit requires "specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation of why they were fraudulent." *Plotkin v. IP Axess, Inc.,* 407 F.3d 690, 696 (5th Cir. 2005); *see also Southland Secs. Corp. v. INSpire Ins. Sols., Inc.,* 365 F.3d 353, 362 (5th Cir. 2004). In other words, Rule 9(b) requires a complaint to allege answers to "newspaper questions" ("who, what, when, where, and how") of an alleged fraud. *Melder v. Morris,* 27 F.3d 1097, 1100

n.5 (5th Cir. 1994). The pleader must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs., Inc.,* 112 F.3d 175, 179 (5th Cir. 1997) (quoting *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993)).

Although Plaintiff acknowledges these Rule 9(b) standards in its briefing, Plaintiff's complaint fails to satisfy them. Plaintiff lists a number of undifferentiated liability allegations here, and most of these allegations contain only boilerplate, conclusory language taken directly from the text of the DTPA. *See* Docket no. 5-1 at 16–17. None of the allegations contains enough specificity or supplemental factual information to answer the "newspaper questions" required by Rule 9(b). In other words, none of the allegations sufficiently "specif[ies] the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *See Williams*, 112 F.3d at 179.

For example, Paragraph F quoted above states that Defendants have breached an express warranty; however, Plaintiff never states where this express warranty comes from or when it actually arose. Similarly, Plaintiff does not specifically or sufficiently explain how Koralewski's actions breached this express warranty. Without more specificity, these DTPA claims suffer from the same defects as Plaintiff's other allegations.

### B. Plaintiff's claims for unfair insurance practices fail.

Plaintiff then alleges numerous causes of action for unfair insurance practices against Everest, Engle Martin, and Koralewski. Docket no. 5-1 at 20. According to Plaintiff, these Defendants are guilty of:

> A. Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

B. Engaging in unfair claims settlement practices;

C. Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

D. Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs claim on which Defendants' liability has become reasonably clear;

E. Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time;

F. Refusing to pay Plaintiffs claim without conducting a reasonable investigation with respect to the claim; and

G. Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement.

*Id.*

As Defendants point out, these are all boilerplate, conclusory allegations of wrongdoing taken directly from Chapter 541 of the Texas Insurance Code. Plaintiff provides no other specific details to supplement or support these allegations. In fact, the exact same list of allegations is brought against Everest, Engle Martin, and Christopher McCoy on page 15 of the Original Petition (this time with respect to the 2016 hailstorm rather than the 2017 tornado). *Id.* at 19.

With respect to Rule 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 545 (2007). Further, "merely asserting a laundry list of statutory violations without factual support as to how a non-diverse defendant violated the statute will not suffice." *Calvary United Pentecostal Church v. Church Mut. Ins. Co.*, No. 4:15–CV–365, 2015 WL 5354827, at *3 (E.D. Tex. Sept. 14, 2015). As a result, Plaintiff's allegations here are insufficient to satisfy a Rule 12(b)(6)-type

inquiry. *See Twombly,* 550 U.S. at 545; *Calvary*, 2015 WL 5354827, at *3; *Doucet v. State Farm Fire & Cas. Co.*, No. 1:09-CV-142, 2009 WL 3157478, at *5 (E.D. Tex. Sept. 25, 2009) ("Similarly, it inevitably follows that merely asserting a laundry list of statutory violations without factual support as to *how* a non-diverse defendant violated the statute will not suffice") (emphasis in original).

In short, Plaintiff's unfair insurance practice claims against Koralewski are simply a "laundry list of statutory violations" void of any specificity. As such, these unfair insurance practice allegations against Koralewski raise no possibility of recovery.

### IV. Causes of Action for Violation of Chapter 542 of the Insurance Code

Finally, Plaintiff alleges that certain defendants, including Koralewski, have violated Chapter 542 of the Texas Insurance Code. Docket no. 5-1 at 15. More specifically, Plaintiff alleges that:

> Everest and Koralewski have failed to adjust the claim within the timeframe mandated by Chapter 542 of the Texas Insurance Code. Specifically, they have not accepted/rejected [Plaintiff's] claim within 36 days after receiving notice of the claim, failing to pay [Plaintiff] within 75 days of receiving notice, and failing to pay within 20 business days after making a claims determination. Everest therefore owes [Plaintiff] eighteen percent per annum interest as damages under Chapter 542 of the Texas Insurance Code for failing to promptly pay [Plaintiff's] claim. As a result, [Plaintiff] has incurred actual damages of at least $767,839.53 to repair the Algarita property damage caused by the tornado, plus the eighteen percent per annum interest on that amount as damages under Section 542.060 of the Texas Insurance Code, engineering and investigative costs incurred during the claim process and reasonable attorney's fees.

*Id.*

As an insurance adjuster, however, Koralewski cannot be held liable for violating Chapter 542. *See* TEX. INS. CODE § 542.002; *Lopez v. United Prop. & Cas. Ins. Co.*, 197 F. Supp. 3d 944, 951 (S.D. Tex. 2016) (citing *Mainali Corp. v. Covington Specialty Ins. Co.*, 3:15-CV-1087–D, 2015 WL 5098047, at *6 (N.D. Tex. Aug. 31, 2015)). Chapter 542 applies only to

14

insurers and not to insurance adjusters, and Koralewski is an insurance adjuster. *See Mainali*, 2015 WL 5098047 at *6 ("Chapter 542 only applies to specifically listed 'insurers,' and Summers, an adjuster, is not an insurer."). As a result, a Chapter 542 claim cannot properly be brought against him. *Id.* For this reason, Plaintiff's Chapter 542 cause of action against Defendant Koralewski must be dismissed as well.

## CONCLUSION

For the reasons discussed above, there is no reasonable basis to predict that Plaintiff might recover against the non-diverse defendant Koralewski. As a result, Plaintiff's claims against Koralewski are DISMISSED and diversity jurisdiction exists. Accordingly, Plaintiff's motion to remand (Docket no. 9) is DENIED. This case is to remain open pending the resolution of Plaintiff's claims against all other defendants.

It is so ORDERED.

SIGNED this 10th day of August, 2017.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE